**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Luis Enrique CASTILLO,**
**Defendant–Appellant.**

No. 02–5977.

United States Court of Appeals,
Sixth Circuit.

June 25, 2003.

Before DAUGHTREY and ROGERS, Circuit Judges; and QUIST, District Judge.*

## ORDER

This is an appeal of a district court judgment granting in part and denying in part a motion in equity for the return of personal property. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1999, Luis Enrique Castillo was sentenced to a 262 month term of imprisonment following his jury trial and conviction for cocaine possession. A panel of this court affirmed the conviction and sentence in its entirety. *United States v. Castillo*, No. 99–5463, 2000 WL 1800481 (6th Cir. Nov.28, 2000), *cert. denied*, 532 U.S. 965, 121 S.Ct. 1502, 149 L.Ed.2d 386 (2001). In 2002, Castillo filed a motion for the return of personal property, ostensibly on the authority of Fed.R.Crim.P. 41(e), in the court where he was convicted. The government responded and the district court granted the motion in part and denied the motion in part. This appeal followed.

Castillo's motion was styled as motion for return of property under Fed. R.Crim.P. 41(e). While Criminal Rule 41(e) permits pretrial motions for the return of seized property, when the owner of the seized property invokes the rule after the close of criminal proceedings against him, courts are to treat the request as a civil action in equity. *See United States v. Duncan*, 918 F.2d 647, 654 (6th Cir.1990) (quoting *United States v. Young*, 878 F.2d 383 (6th Cir.1989) (unpublished order)). This court will review the proceedings to determine whether the district court abused its discretion in properly balancing the competing equities in deciding whether the return of property was in order. *Duncan*, 918 F.2d at 654 (citations omitted). An abuse of discretion occurs when the reviewing court is firmly convinced that a mistake has been made, *United States v. Tocco*, 200 F.3d 401, 420 (6th Cir.2000), and a court abuses its discretion when it relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard. *Harper v. Parker*, 177 F.3d 567, 571–72 (6th Cir. 1999). An examination of the record and law using this standard supports the judgment on appeal.

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

Castillo was apprehended by police after he led them on an automobile pursuit and abandoned his car as well as a blue bag. The bag contained $20,000 and approximately one-half kilogram of cocaine. The cocaine was introduced at trial against Castillo, but there is no record of any formal or informal disposition of the $20,000. *Castillo,* 2000 WL 1800481, at *2. Castillo filed his putative Criminal Rule 41(e) motion in 2002 seeking the return of "personal clothes and $20,000." Counsel for the United States responded by calling the court's attention to the inappropriateness of a post-conviction motion being entertained under Rule 41(e) and requested direction from the court as to a possible response on the merits. The district court did not request further pleading. Instead, the district court reviewed the fact that Castillo's cocaine and his $20,000 were found in the same bag and concluded that the cash represented proceeds of illegal drug sales. The court cited *Duncan* for the proposition that, having made the obvious connection between the cocaine and the $20,000, "this court has no intention whatsoever of returning the cash to this convicted drug dealer." The court did, however, direct that any of Castillo's clothing that was in the possession of the United States should be returned to Castillo. On appeal, Castillo takes issue with the district court's decision in its entirety.

The appeal lacks merit. Castillo seeks to invoke the equitable powers of the federal court to effect the return of his $20,000. It is axiomatic, however, that one seeking equity must come into court with clean hands. *Cleveland Newspaper Guild, Local 1 v. Plain Dealer Pub. Co.,* 839 F.2d 1147, 1155 (6th Cir.1988). It is equally clear that "a wrongdoer should not profit from his [or her] misdeeds." *United Metal Products Corp. v. Nat'l Bank of Detroit,* 811 F.2d 297, 301 (6th Cir.1987) (Wellford, J. dissenting) (citation omitted). The rec-

ord shows ample support for the district court's conclusion that Castillo was not entitled to the return of the $20,000 when all the competing equities were considered. *Duncan,* 918 F.2d at 654. The money was undoubtedly profit from, or operating capital for, Castillo's illegal drug trafficking. The district court did not abuse its discretion in reaching this conclusion.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.